FLEMING v. PALMER.

[No. 11,165.   Filed February 14, 1922.]

SET-OFF AND COUNTERCLAIM.—*Equitable Set-Off.*—*Plaintiff's Insolvency.*—*Right to Relief.*—In an action to recover the balance due on a contract, a set-off of a claim against a partnership of which plaintiff was a member, where there was no mutuality between such claim and the matter in action, was not allowable as an equitable set-off for the insolvency of plaintiff, there being no showing that the other members of the partnership were insolvent.

From Kosciusko Circuit Court; *Lemuel W. Royse,* Judge.

Action by Fred Palmer against George W. Fleming. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Forrest E. Hughes* and *Ethan L. Arnold,* for appellant.

*James S. Dodge, Fred E. Cluen* and *Frazer, Frazer & Headley,* for appellee.

McMAHAN, J.—Complaint by appellee against appellant alleging the execution of a written instrument whereby appellee agreed to sell and appellant to buy certain corporation stock for the sum of $800, and alleging that there is a balance of $450 with interest due appellee.

Appellant filed an answer in two paragraphs. The first was a general denial. The second paragraph was in the nature of a set-off, and alleged that appellant had procured a written option for the purchase of a certain printing plant, and that by another written contract he had sold and assigned his option to Fred Palmer, appellee herein, John B. Fitch and Earnest A. Skinner, and had surrendered possession of said plant to appellee and his copartners; that appellee and his copartners failed to carry out the contract to purchase; that under said contract appellant was entitled to certain damages on account of the failure of said partners to carry out the contract. This contract was made a part of the answer, and as stated in the body thereof, it was made by and between appellant, party of the first part, "and the St. Joseph Finance Company, a partnership composed of James B. Fitch, Fred Palmer and Earnest A. Skinner," parties of the second part. It is also alleged that the said partnership failed to fulfill the terms of said contract, and by reason of such failure appellee and his copartners became indebted to appellant in the sum of $6,500; that the members of said partnership on a later date entered into another written agreement whereby they agreed to pay appellant the sum of $5,804.81, which amount it was agreed, was the sum

actually due appellant because of the failure of said partners to carry out said contract of purchase; that said $5,804.81 with interest was due appellant and unpaid; that appellant had no other defense to appellee's action; that appellee was insolvent and had no property subject to execution, and if appellant should procure a judgment against appellee, he would have no means of collecting it in so far as the liability of appellee is concerned. The prayer is that appellant be allowed as à matter of equity to set off his said claim and that he have judgment against appellee for the amount due him from appellee over and above the amount due from appellant to appellee.

The court sustained a demurrer to this answer. The only question presented by this appeal relates to the correctness of this ruling.

Appellant in support of his contention says that whenever it is necessary to do equity or to prevent irremediable injustice, a set-off will be allowed, though the debts are not mutual, and that the insolvency of the party against whom a set-off is claimed is sufficient ground for equitable interference.

If it be conceded that this is a correct statement of the law, it does not dispose of the question now under consideration. It will be observed that the claim which appellant seeks to have set off against appellee's claim is the partnership debt of the St. Joseph Finance Company, the members of said partnership being appellee and two others.

Appellant does not contend that there is any mutuality between the claim mentioned in appellee's complaint and the one which appellant pleads as a set-off. His only contention is that because of the alleged insolvency of appellee he will not be able to collect the debt of the partnership from appellee.

The answer alleges the insolvency of appellee and that

in so far as any claim appellant has against appellee, it will be lost unless appellant be allowed to set-off the same against the amount which he otherwise admits is due and owing appellee. But there is no allegation in the answer that the other two members of said partnership are insolvent or that there is anything to prevent appellant from enforcing his claim against them. This being true, the facts alleged in the answer are not sufficient to authorize or require a court of equity to interfere and permit said claim to be used as an equitable set-off. For a general discussion of this question see Watson, Revision Works' Prac. §§714, 715, and authorities there cited.

There was no error in sustaining the demurrer to this answer.

Judgment affirmed.